United States District Court
for the
Southern District of Florida

| Brenda De Jesus Alli, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-20505-Civ-Scola |
| Andrew Saul, Commissioner for | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |

## Order Adopting Report and Recommendation

This matter was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. On October 24, 2019, Judge Torres issued his report, recommending that the Court grant Plaintiff Brenda De Jesus Alli's motion for summary judgment (ECF No. 20), deny Defendant Andrew Saul, Acting Commissioner for Social Security Administration motion for summary judgment (ECF No. 21), and reverse the administrative law judge's unfavorable decision. (Report, ECF No. 24.) No objections have been filed and the time to do so has passed. After careful review of the filings, the applicable law, and the record, the Court **adopts** Judge Torres's report and recommendation (**ECF No. 24**), **grants** De Jesus Alli's motion for summary judgment (**ECF No. 20**), **denies** the Commissioner's motion for summary judgment (**ECF No. 21**), and **remands** this case to the administrative law judge for further proceedings.

While Judge Torres rejected nearly all of De Jesus Alli's claims of error, he determined that a portion of the administrative law judge's residual functional capacity determination lacked substantial evidence. (Rep. at 31.) The administrative law judge determined that De Jesus Alli's residual functional capacity includes the ability to "handle some level of light" as a medical coder (De Jesus Alli's prior work). (*Id.* (quoting the transcript below).) The record, however, offers no support for this conclusion. In fact, the record indicates that the vocational expert pointedly determined that De Jesus Alli would not be able to return to her prior employment specifically because of the lighting. This was harmful error because it left the administrative law judge's determination at step four unsupported by substantial evidence. The Court thus agrees with Judge Torres that this case should be remanded for the administrative law judge to reconsider her assessment of De Jesus Alli's residual functional capacity at step four and then, if necessary, at step five. As recommended by Judge Torres, upon remand, the parties should be afforded the opportunity to present additional

evidence on this point such that the administrative law judge's final decision is supported by substantial evidence.

This case is thus **remanded** to the administrative law judge. The Clerk is directed to **close** this case. All other pending motions, if any, are **denied** as moot.

**Done and ordered** at Miami, Florida on November 19, 2019.

_____
Robert N. Scola, Jr.
United States District Judge